UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
AUG 3 1 2007

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BART A. THIELBAR,<br>et al.,<br><br>Defendants. | Civil Action Number: 06-4253<br><br>STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER |

In order to protect the confidentiality of Confidential Information (as defined herein) obtained by the parties in connection with this case, the parties hereby agree as follows:

1. "Confidential Information" shall refer to any document or response to discovery request (including responses to a deposition question) which falls in the following categories: sensitive personal information, such as social security numbers, home address and home and personal telephone numbers; financial information, such as bank account and brokerage account information or personal information from other financial institutions; state and federal income tax information, including tax forms; and any other personal information subject to protection under the Federal Rules of Civil Procedure or South Dakota law which if improperly disclosed, is likely to cause harm to a party. Confidential Information may also refer to documents provided to Plaintiff by NorthWestern Corporation ("Northwestern"), its subsidiaries or its attorneys, and

produced by Plaintiff in this litigation, that may be subject to a claim of attorney-client privilege or work product privilege by NorthWestern. Any party may designate such Confidential Information as "Confidential" by stamping the relevant page or as otherwise set forth herein. Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated. The parties acknowledge that during Plaintiff's investigation of NorthWestern and its subsidiaries, NorthWestern, its subsidiaries and its attorneys produced documents to Plaintiff that are subject to a claim of attorney-client privilege or work product privilege by NorthWestern. The parties further acknowledge that NorthWestern produced these documents without intending to waive any privileges as to third parties. The parties agree that, consistent with and limited by paragraphs 3 and 13 below, such documents will be used solely for the purpose of this litigation

2. A party may designate Confidential Information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraphs 8 and 9 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraphs 8 and 9 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. Except as set forth in paragraph 13 below, all information produced or

exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this litigation.

4. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) Counsel for the respective parties to this litigation, including co-counsel retained for this litigation;

(b) Employees of such counsel;

(c) Individual defendants;

(d) Consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel while this action is pending, or after termination of the action, only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

(e) Any authors or recipients of the Confidential Information;

(f) The Court, Court personnel, and court reporters; and

(g) Witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown Confidential Information. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential

Information shall not be allowed to retain copies. In the interests of judicial economy and to promote efficiency among the parties in this litigation, any Confidential Information disclosed by a party to a witness who will not sign the Certification shall not be deemed as a waiver of the confidentiality of that information under this Order.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

7. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Documents or discovery materials designated as "Confidential" already produced in this action prior to entry of this Order shall be protected and subject to the provisions herein. To the extent any party seeks to designate additional documents or discovery materials as "Confidential" which have already been produced in this matter, the party may do so within thirty (30) days after entry of this Order. Any party may voluntarily disclose to others without restriction any information

designated by that party or non-party as "Confidential," although a document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material. The party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as "Confidential." The party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents being challenged, including documents produced prior to entry of this Order, shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) The party who claims that the material is Confidential Information withdraws such designation in writing; or

(b) The party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material "Confidential" within the time period specified above after receipt of a written challenge to such designation; or

(c) The Court rules the material is not Confidential Information.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within

thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. Nothing in this order shall prevent the SEC from complying with its obligations under law concerning disclosure of documents, including, but not limited to, its published Routine Uses of Information in its Forms 1661 and 1662, the Freedom of Information Act and any other statutes or rules applicable to the SEC. Persons who wish to request that documents made available to the SEC not be disclosed pursuant to the Freedom of Information Act [5 U.S.C. 552] ("FOIA") must comply with the procedures set forth in SEC rule 17 CFR 200.83 for requesting that information not be disclosed pursuant to the FOIA. Nothing in this order shall prevent the SEC from making use of any material produced or exchanged in the course of this case, or material designated as Confidential Information, pursuant to the SEC's published Routine Uses of Information as set forth in SEC Forms 1661 and 1662.

DATED: August 31, 2007

_____
United States District Court Judge

### AGREEMENT CONCERNING MATERIAL COVERED BY
### A CONFIDENTIALITY AND PROTECTIVE ORDER ENTERED
### IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF SOUTH DAKOTA

      I, the undersigned, hereby acknowledge that I have read the attached Confidentiality and Protective Order entered in the U.S. District Court for the District of South Dakota in Civil Action No. 06-4253 pending therein, and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive Confidential Information under the terms of said Confidentiality and Protective Order, any document or information designated as or constituting Confidential Information or any copies or extracts of information derived therefrom, which have been disclosed to me. I further agree to use any Confidential Information disclosed to me solely for the purpose of the action and for no other purpose.

      I hereby submit myself to the jurisdiction of the U.S. District Court for the District of South Dakota for the purpose of enforcing said Confidentiality and Protective Order.

Date: _____.

                      Signature: _____

                                      _____
                                      Type or Print Name